**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| | :   **Case No. 3:23-CR-00009** |
| **v.** | : |
| | : |
| **ELLIOTT SIMON ATWELL** | : |

## STATEMENT OF FACTS

The United States and the defendant, ELLIOTT SIMON ATWELL, agree and stipulate that the following is true. This Statement of Facts briefly summarizes the facts and circumstances surrounding the defendant's criminal conduct. It does not necessarily contain all of the information obtained during this investigation and applicable to an accurate Presentence Report and Sentencing Guidelines calculation (or that would have been presented at trial). This Statement of Facts is not protected by proffer agreement or any other agreement and shall be wholly admissible at trial notwithstanding any Rules or statutes to the contrary, including but not limited to, Federal Rules of Evidence 408 and 410, and Federal Rule of Criminal Procedure 11.

## ELEMENTS OF THE OFFENSES

To prove the offense alleged in Count Four of the Indictment, charging a violation of 18 U.S.C. §§ 2551(a) & (e), that is, Sexual Exploitation of a Minor, the government must prove each of the following elements beyond a reasonable doubt:

> *First.*      The defendant employed, used, persuaded, inducted, enticed, or coerced a minor;

*Second.*     To engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct; and

*Third.*      The defendant knew or had reason to know the visual depiction would be transported using a means or facility of interstate or foreign commerce, or in and affecting interstate and foreign commerce, or the visual depiction was produced or transmitted using materials that had been mailed, shipped, transported in, affecting interstate and foreign commerce, or the visual depiction actually was transported or transmitted using any means or facility of interstate and foreign commerce or in and affecting interstate and foreign commerce.

To prove the offense alleged in Count Six of the Indictment, charging a violation of 18 U.S.C. §§ 2552(a)(4)(B) & (b)(2), that is, Possession of and Access with Intent to View Child Pornography (including of a prepubescent minor and minor under 12 years old), the government must prove each of the following elements beyond a reasonable doubt:

*First.*      The defendant knowingly possessed or accessed with intent to view one or more matters which contained any visual depiction of a minor engaged in sexually explicit conduct;

*Second.*     Such visual depiction had been mailed, shipped, or transported using any means or facility of interstate and foreign commerce, or in or affecting interstate or foreign commerce, by any means, including by computer, or was produced using materials which had been so mailed, shipped, or transported;

*Third.*      The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct;

*Fourth.*     The defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct; and

*Fifth.*      The visual depiction involved a prepubescent minor or minor who had not attained 12 years of age.

**STIPULATED FACTS**

**A. Sexual Exploitation of Minor 4**

1.      Between in or about April 2018 and May 2019, in the Western District of Virginia, the defendant, ELLIOTT SIMON ATWELL, knowingly employed, used, persuaded, induced, enticed, and coerced a minor, "Minor 4," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and attempted to do so, knowing and having reasons to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce; and which visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

2.      ATWELL admits and agrees that ATWELL knew Minor 4 was a minor and communicated with Minor 4 over social media and by text message; the communications were of a sexual nature.  Beginning in April 2018, ATWELL also sent Minor 4 gifts, including a camera, sex toy, and Viagra, as well as the emergency contraception Plan B and the lubricant K-Y Intense Pleasure Gel, to persuade and entice Minor 4 to engage in sexually explicit conduct, record it, and send it to ATWELL.  Minor 4 was in another state at all relevant times, and ATWELL knew that Minor 4 was a minor and in another state. In the fall of 2018, Minor 4 was dating another minor.  At that point, ATWELL started pressuring Minor 4 to film themself engaged in sexual acts and to send the videos to him.

3.      Minor 4 followed ATWELL's instructions, taking and sending to ATWELL at least two videos depicting Minor 4 engaged in sexually explicit conduct (i.e., having sexual intercourse and engaged in oral sex).

4.      When the Federal Bureau of Investigation ("FBI") subsequently searched ATWELL's iCloud account, the account contained multiple videos depicting Minor 4 engaged in sexually explicit conduct that Minor 4 produced and sent—using an electronic device that had traveled in interstate or foreign commerce—at ATWELL's request.

### B. Possession of Child Pornography

5.      Between in or around May 2020 and in or around June 2020, in the Western District of Virginia, ELLIOTT SIMON ATWELL, did knowingly possess and access with intent to view at least one matter containing one or more visual depictions that had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which visual depictions were produced using materials which had been mailed and so shipped and transported, by any means, including by computer, and attempted to do so, and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct, namely: one or more digital visual depictions of minors, including one or more prepubescent minors and minors who had not attained 12 years of age, engaging in sexually explicit conduct.

6.      ATWELL's iCloud account, to which he had access in May-June 2020, contained approximately 301 image and video files depicting minors engaged in sexually explicit conduct. These included the following:

    a.  An image of a naked prepubescent male lying on his back with his legs spread apart, his anus and penis exposed, and an object inserted into his anus.

    b.  An image of a naked prepubescent male lying on his back with his legs over his head, with his genitals and anus exposed.

    c.  An image of a naked prepubescent male bent over on his knees, with his anus and genitals exposed.

    d.  An image of Minor 1 naked in a shower, with his erect penis exposed and in the forefront of the image.

    e.  Videos depicting Minors 2A and 2B engaged in sexual intercourse.

    f.  Videos depicting Minors 3A and 3B engaged in sexual intercourse.

7.    ATWELL's iPhone, seized during execution of a federal search warrant at his residence in the Western District of Virginia in May 2020, contained Internet history showing visits to pornography sites and accessing of titles suggestive of minors engaged in sexually explicit conduct.

8.    The visual depictions had been transported using any means or facility of interstate or foreign commerce, and in or affecting interstate or foreign commerce, including by computer, and were produced using materials which had been so mailed, shipped, or transported.

**C. Related Conduct**

    **a. Minor 1**

9.    ELLIOTT SIMON ATWELL contacted Minor 1 portraying himself as a nutritionist and fitness advisor who could help Minor 1 with their bodybuilding aspirations.

At the time, Minor 1 was approximately 15 years old. ATWELL quickly began communicating with Minor 1 through iMessage, texts, Facetime, and calls, often on a daily basis.

10. Over the course of several months, ATWELL transitioned these personal conversations to the subject of sex and sexuality. ATWELL began sending gifts to Minor 1 such as sex toys, underwear, knives, and alcohol and told Minor 1 to use the sex toys and send ATWELL a video of Minor 1 using them. ATWELL also sent Minor 1 pornography.

11. As part of his purported role as fitness coach, ATWELL had Minor 1 take and send him photographs and videos of Minor 1 nude and of Minor 1's genitalia. The requests for these types of videos and images continued for multiple years.

12. ATWELL also encouraged Minor 1 to film themself having sexual intercourse with individuals from Minor 1's high school. Eventually, Minor 1 did send the video, although Minor 1 was 18 years old at the time.

**b. Minors 2A & 2B**

13. ATWELL met Minor 2A when Minor 2A was approximately 16 years old. ATWELL requested nude images of Minor 2A, which Minor 2A sent to ATWELL on numerous occasions.

14. ATWELL also requested Minor 2A send him videos of Minors 2A and 2B engaging in sexually explicit conduct. As part of this conduct, ATWELL sent items, such as sex toys, Viagra, and a camera for Minor 2A to use to produce the videos.

**c. Minors 3A & 3B**

15. ATWELL met Minor 3A in 2015 when Minor 3A was 16 years old.

ATWELL initially gave Minor 3A bodybuilding advice and then began commenting on Minor 3A's physique.

16.     ELLIOTT SIMON ATWELL admits and agrees that ATWELL asked for and Minor 3A sent photographs of Minor 3A's genitalia.  ATWELL also asked for and received from Minor 3A videos of Minor 3A and Minor 3B engaging in sexually explicit acts.

17.     ATWELL further admits and agrees that he sent Minor 3A sexually explicit pictures and videos of other minors.

I, ELLIOTT SIMON ATWELL, have reviewed the above Statement of Facts with my attorney and believe the facts are true and correct.  I agree that had this matter proceeded to trial, the United States would have proved the facts outlined above beyond a reasonable doubt.

5/24/24
Date

ELLIOTT SIMON ATWELL
Defendant

5/24/24
Date

DONALD PENDER
Attorney for Defendant

Had this matter proceeded to trial, the United States would have proved the facts outlined above beyond a reasonable doubt. The government reserves the right to present additional evidence at the time of sentencing regarding the defendant's conduct.

MELANIE SMITH (VA Bar No. 82663)
Assistant United States Attorney
255 West Main Street, Room 130
Charlottesville, Virginia 22902

JESSICA URBAN
Trial Attorney (DC Bar No. 1008742)
Child Exploitation and Obscenity Section
U.S. Department of Justice