UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-CR-00009 |
| | ) | |
| ELLIOTT ATWELL, | ) | |
| | ) | |
| Defendant. | ) | |

### SUPPLEMENTAL SENTENCING MEMORANDUM ON BEHALF OF ELLIOTT ATWELL

Elliott Atwell, through counsel, files this Supplemental Sentencing Memorandum along with an additional Exhibit (Exhibit E: Atwell Family Letter of Support). Mr. Atwell filed his Sentencing Memorandum on January 2, 2025. *See* ECF 68. Since then, his parents, Alan and Ginny Atwell, provided undersigned with an additional letter of support and pictures.

### ARGUMENT

**I.  Exhibit E is a Letter of Support.**

 a. Exhibit F shows that Mr. Atwell has been a compliant person who frequently earned the approval of his parents and community.

Exhibit E is a letter of support from Mr. Atwell's parents, along with pictures from his youth, including his participation in sports at the Covenant School, and pictures of his culinary creations as a self-taught chef, a profession he took up after his fitness career came under fire due to his criminal charges. In particular, the

1

following paragraph provides a picture of who Elliott Atwell has been throughout his life:

> From his earliest days, he was a sweet and compliant child, wanting to please, and was a joy to be around. He received a private Christian education from K-12, graduating with High Honors, and with exemptions to requirements due to his honors classes, was accepted into the Honors Program at Virginia Tech. We required that he work the summers in high school, and he began at around 13 years old volunteering at the YMCA until he procured paid employment in construction or restaurants. Although he didn't complete the end of his college education, when he returned home, we required him to obtain his Real Estate License to best assist his father in his Real Estate Property Management business, and have secure, gainful employment. *His whole life, he has always complied without ever complaining.*

Exhibit E at 1 (emphasis added). This paragraph speaks to Mr. Atwell's education and work history, and the expectations of his parents. However, it also speaks to his desire to be compliant and make them happy. This in part shows why their initial rejection of his sexual identity was so devastating. Even now, Mr. Atwell is deeply concerned about how his decisions affect them and their reputation within the community. He is the quintessential "good son" who could not manage his inner demons well enough, in part because the support that he needed was not always present.

      b. <u>Mr. Atwell's improved relationship with his parents corresponded with a change in his behavior prior to indictment.</u>

Another notable consideration that was not emphasized in the Sentencing Memorandum is that Mr. Atwell's relationship with his parents improved after his

2

initial disclosure of his sexual identity[1], and he felt more accepted by his parents as the years went on. This corresponds with him ceasing any enticement of minors after 2020 and getting help for his mental health struggles. While this also corresponds with his prior conviction, it shows that he is capable of change.

II. **Probation Conduct**

   a. The government has not provided evidence that the pornography websites that Mr. Atwell visited are illegal.

Mr. Atwell would also like to briefly address some of the conduct noted in the government's sentencing memorandum about his conduct while on probation. Specifically, the government notes that Mr. Atwell—while on probation—was found to have visited some adult sites that were marketed as involving "teen" sexual content:

> Additionally, while on supervised release, Atwell continued to possess and view what appears to be CSAM. According to Atwell's federal probation officer, he was viewing such a large volume of pornography, his probation officer could not properly monitor his online activity. It was later discovered that some of the pornography Atwell viewed *appeared to involve minors*. For instance, Atwell watched a video entitled, "horny schoolboys," which depicted young males, who appear to be underage, engaging in sexual activity. ECF No. 51 at p. 21. Atwell also visited a website called, "Teen boy world" which appeared to contain CSAM as well. *Id.*

ECF 67 at 4 (emphasis added). While Mr. Atwell's actions may not have been ideal, this Court should not assume they are illegal. Child pornography at the federal level

---

[1] According to the PSR, this disclosure happened when Mr. Atwell was "20 or 21 years old" which would have been shortly before the conduct in this case started. *See* PSR at ¶ 62. As has been discussed, the initial response to him by his parents was negative.

3

requires that a victim be under 18. Unfortunately, it is not uncommon for legitimate pornography companies to market content as involving "teen" which could mean that the participants are 18 or 19, or merely that they are playing the role of a teenager for entertainment purposes. The government has not provided any evidence that these sites are from the dark web or are illegal in any way. Pornography is covered under the First Amendment so long as it is not illegal, i.e. Child Pornography.

      b. <u>Probation found only a single CSAM video in Mr. Atwell's vast collection of legal pornography.</u>

Moreover, it appears that while Mr. Atwell possessed pornography while on probation, most of it was not determined to be illegal. Probation has noted only a single instance that was considered child pornography, and it was from before 2020—specifically, it was related to the charge in Count 2 of the indictment which is from "2014 to 2016". *See* ECF 3; *see also* 3:22-mj-10, Docket Entry 8 (Atwell Order on Probation Petition) ("After reviewing the extracted information on the cellphone, [Probation Officer] observed a video of a minor having sexual intercourse, which the FBI agent confirmed. The defendant was charged with Possession of and Access with Intent to View Child Pornography in relation to this video in docket number 3:23CR00009-001 under Minor 2B. The FBI agent confirmed that the defendant was still in possession of this video when it was seized in May of 2023."). As this appears to be the only child pornography that Mr. Atwell still had on his phone, it is plausible that Mr. Atwell maintained such a large collection of legal pornography that he merely neglected to delete a single video that was illegal.

4

Respectfully submitted,

s/ Donald R. Pender
Donald R. Pender, Esq.
V.A. Bar No.: 97455
N.C. Bar No.: 48004
Assistant Federal Public
Defender Office of the Federal
Public Defender 401 E. Market
Street, Ste 106
Charlottesville, VA 22902
Ph. (434) 220-3392
Fax (434) 220-3390
Don_Pender@fd.org

5

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 6, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                              s/ Donald R. Pender
                                              Assistant Federal Public Defender